Donald Richard Rennie v. Commissioner.
Rennie v. Commissioner
Docket No. 62501.
United States Tax Court
T.C. Memo 1958-84; 1958 Tax Ct. Memo LEXIS 144; 17 T.C.M. (CCH) 418; T.C.M. (RIA) 58084; May 13, 1958
*144 Reuben Miller, Esq., Bankers Security Building, Philadelphia, Pa., for the petitioner. Morton A. Smith, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined a deficiency in income tax of petitioner for the year 1952 in the amount of $161.80. The sole issue before us is whether petitioner furnished more than 50 per cent of the total cost of support of his minor daughter, Sandra Rennie, during that year. By stipulation the parties have resolved other issues raised by the pleadings. Facts which have been stipulated are so found. Petitioner, Donald Richard Rennie, filed his income tax return for the taxable year 1952 with the director of internal revenue at Newark, New Jersey. He now resides at Philadelphia, Pennsylvania. Petitioner was married in June 1945 to his former wife Mary. A daughter Sandra was born to them in November of 1946. Petitioner and Mary were divorced by a decree of the Superior Court of New Jersey for Hudson County March 22, 1951. Prior to the divorce petitioner had been required to pay $10 per week for the support of Sandra by an order of the Domestic Relations Court of Hudson County, New Jersey. *145 Under this order, he paid the amount of $440 for her support during 1952. Prior to 1952 Mary had remarried and throughout that year Sandra lived with her and her husband who has since adopted Sandra. In addition to the support moneys paid by him under order of the Domestic Relations Court, petitioner purchased three pairs of shoes for Sandra during 1952 at a total outlay of $21, a bicycle for $45 and paid $36 for her hospitalization. Petitioner listed Sandra as a dependent in his income tax return for 1952. Respondent disallowed any exemption for her as a dependent of petitioner, which disallowance has resulted in a deficiency of $147. By stipulation, petitioner concedes a deficiency of $14.80 resulting from the disallowance of certain deductions taken in his return. Petitioner, seeking a dependency exemption, has the burden, among other things, not here in dispute, of showing that whatever his proven expenditures for the support of his daughter might be, they amounted to more than 50 per cent of the total cost of her support. He has utterly failed to sustain this burden for there is no competent evidence in the record from which the total cost of her support in the year at *146 issue can be determined. Decision will be entered for the respondent.